JANIE M. RIDDLE v. PRESTON J. RIDDLE.

(Filed 24 May, 1961.)

**Divorce and Alimony § 21—**

The court may properly order defendant to be confined for contempt upon findings, supported by evidence, that defendant had wilfully refused to pay his wife alimony or support as ordered by a prior decree of the court in the action.

APPEAL by defendant from *Gwyn, Resident J.,* 17th Judicial District, in Chambers, 24 September, 1960 of ROCKINGHAM.

Civil action for divorce from bed and board, and for support pending trial and for reasonable amount for attorney's fees.

The parties stipulated and agreed that the summons was duly issued, and served on 20th day of June, 1958, and the court was properly organized and duly constituted to try the cause, and the

parties were duly before the court on 24 September, 1960. And the cause being heard upon notice to defendant to show cause why he should not be attached for contempt for failure to abide the orders of the court made in the cause, and the court finding as a fact: (1) That the defendant has wilfully failed and refused to pay to the plaintiff any part of his earnings since the 20th day of August, 1960, as he was ordered to do on that date; (2) that the defendant has wilfully failed to pay any part of the sum due under the consent order entered into by the parties at the September 1959 Civil Term as he was ordered to do in the order of this court rendered 20 August, 1960; (3) that the defendant was in arrears in the payments which he was ordered by the court to make prior to the entry of said consent order; (4) that the defendant is able-bodied and able to work and earn money; (5) that he does in fact earn weekly wages; and (6) that he has avowed his intention and purpose not to pay his wife any further amounts, and does not intend to abide the orders of the court, thereupon Gwyn, J., as aforesaid, "considered, ordered and adjudged, that the defendant is in contempt of court." And it is further ordered and adjudged that the defendant be confined in the common jail of Rockingham County for the term of fifteen days.

And it is further ordered that the Sheriff of Rockingham County do receive the defendant Preston J. Riddle and confine him in the County jail in conformity to the judgment.

Defendant objects and excepts thereto and appeals to Supreme Court of North Carolina, and assigns error.

*Fagg, Vaughn, Harrington & Fagg for plaintiff appellee.*
*Charles J. Nooe, W. T. Combs, Jr. for defendant appellant.*

PER CURIAM. Under Chapter 5 of the General Statutes it is declared, among other things, that "any person guilty of disobedience of any process or order lawfully issued by any court" * * * "may be punished for contempt." Applying the provisions of this statute to the findings of fact herein, the court below properly adjudged defendant in contempt. Hence the judgment from which appeal is taken is

Affirmed.